[Cite as *State v. Leasure*, 2012-Ohio-318.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO

       Plaintiff-Appellee

-vs-

ADRIAN M. LEASURE

       Defendant-Appellant

JUDGES:
   Hon. Patricia A. Delaney, P. J.
   Hon. W. Scott Gwin, J.
   Hon. William B. Hoffman, J.


Case No. 2011-COA-031


O P I N I O N

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Criminal appeal from the Ashland County Court of Common Pleas, Case No. 11-CRI-025 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | January 30, 2012 |


APPEARANCES:

| For Plaintiff-Appellee | For Defendant-Appellant |
|---|---|
| KAREN DESANTO KELLOGG<br>Assistant Prosecuting Attorney<br>110 Cottage Street<br>Ashland, OH 44805 | DAVID R. STIMPERT<br>10 East Main Street<br>Ashland, OH  44805 |

*Gwin, P.J.*

**{1}** On May 24, 2011, appellant Adrian M. Leasure entered a plea of guilty to a charge of aggravated possession of drugs, in violation of R.C. 2925.11(A), a felony of the fifth degree.

**{2}** At a subsequent sentencing hearing, the trial court, after considering (1) statements from appellant and his legal counsel; (2) the overriding purposes of felony sentencing; (3) the statutory factors set forth in R.C. 2929.12 and 2929.13; (4) the Pre-Sentence Investigation report, which indicated that appellant had a prior criminal history, was given a Community Control Sentence that was terminated unsuccessfully, and had a history of substance abuse; and (5) the seriousness and recidivism factors, sentenced appellant to ten (10) months under the supervision of the Ohio Department of Rehabilitation and Corrections and a fine of One Thousand Dollars ($1,000.00) plus court costs. The trial court further ordered that appellant's operator's license be suspended for a period of three (3) years.

**{3}** Appellant has timely appealed raising the following assignments of error:

**{4}** "I. THE SENTENCE IMPOSED BY THE COURT OF COMMON PLEAS OF ASHLAND COUNTY, OHIO, WAS CLEARLY AND CONVINCINGLY CONTRARY TO LAW AND/OR AN ABUSE OF THE TRIAL COURT'S DISCRETION.

**{5}** "II. THE SENTENCE IMPOSED BY THE COURT OF COMMON PLEAS OF ASHLAND COUNTY, OHIO, IMPOSES AN UNNECESSARY BURDEN ON STATE RESOURCES."

I., II.

**{6}** In his First Assignment of Error appellant argues that his consecutive sentences in this case are contrary to the law and the trial court abused its discretion in sentencing him to a 10-month prison term. Appellant maintains in his Second Assignment of Error the imposition of a ten-month prison sentence results in an unnecessary burden on state resources. We disagree.

**{7}** At the outset, we note there is no constitutional right to an appellate review of a criminal sentence. *Moffitt v. Ross*, 417 U.S. 600, 610-11, 94 S.Ct. 2437, 2444, 41 L.Ed.2d 341(1974); *McKane v. Durston*, 152 U.S. 684, 687, 14 S.Ct. 913. 917(1894); *State v. Smith*, 80 Ohio St.3d 89, 1997-Ohio-355, 684 N.E.2d 668(1997); *State v. Firouzmandi,* 5th Dist No. 2006-CA-41, 2006-Ohio-5823, 2006 WL 3185175. An individual has no substantive right to a particular sentence within the range authorized by statute. *Gardner v. Florida*, 430 U.S. 349, 358, 97 S.Ct. 1197, 1204-1205, 51 L.Ed.2d 393 (1977); *State v. Goggans,* Delaware App. No. 2006-CA-07-0051, 2007-Ohio-1433, 2007 WL 914866, ¶ 28. In other words "[t]he sentence being within the limits set by the statute, its severity would not be grounds for relief here even on direct review of the conviction ... It is not the duration or severity of this sentence that renders it constitutionally invalid...." *Townsend v. Burke*, 334 U.S. 736, 741, 68 S.Ct. 1252, 1255, 92 L.Ed. 1690(1948).

**{8}** Recently in *State v. Kalish,* 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, the Ohio Supreme Court reviewed its decision in *State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470 as it relates to the remaining sentencing

statutes and appellate review of felony sentencing. See, *State v. Snyder,* Licking App. No. 2008-CA-25, 2080-Ohio-6709, 2008 WL 5265826.

{9} In *Kalish,* the Court discussed the affect of the *Foster* decision on felony sentencing. The Court stated that, in *Foster,* the Ohio Supreme Court severed the judicial fact-finding portions of R.C. 2929.14, holding that "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." *Kalish* at ¶ 1 and 11, 896 N.E.2d 124, citing *Foster* at ¶ 100, See also, *State v. Payne,* 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306; *State v. Firouzmandi,* Licking App. No. 2006-CA-41, 2006-Ohio-5823, 2006 WL 3185175.

{10} In *Kalish,* the Court discussed the affect of the *Foster* decision on felony sentencing. The Court stated that, in *Foster,* the Ohio Supreme Court severed the judicial fact-finding portions of R.C. 2929.14, holding that "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." *Kalish* at ¶ 1 and 11, 896 N.E.2d 124, citing *Foster* at ¶ 100, See also, *State v. Payne,* 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306; *State v. Firouzmandi,* supra.

{11} "Thus, a record after *Foster* may be silent as to the judicial findings that appellate courts were originally meant to review under 2953.08(G)(2)." *Kalish* at ¶ 12. However, although *Foster* eliminated mandatory judicial fact-finding, it left intact R.C. 2929.11 and 2929.12, and the trial court must still consider these statutes. *Kalish* at ¶

13, see also *State v. Mathis,* 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1; *State v. Firouzmandi,* supra at ¶ 29.

{12} "Thus, despite the fact that R.C. 2953.08(G)(2) refers to the excised judicial fact-finding portions of the sentencing scheme, an appellate court remains precluded from using an abuse-of-discretion standard of review when *initially* reviewing a defendant's sentence. Instead, the appellate court must ensure that the trial court has adhered to all applicable rules and statutes in imposing the sentence. As a purely legal question, this is subject to review only to determine whether it is clearly and convincingly contrary to law, the standard found in R.C. 2953.08(G)." *Kalish* at ¶ 14.

{13} Therefore, *Kalish* holds that, in reviewing felony sentences and applying *Foster* to the remaining sentencing statutes, the appellate courts must use a two-step approach. "First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision in imposing the term of imprisonment shall be reviewed under an abuse of discretion standard." *Kalish* at ¶ 4, *State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470.

{14} The Supreme Court held, in *Kalish,* that the trial court's sentencing decision was not contrary to law. "The trial court expressly stated that it considered the purposes and principles of R.C. 2929.11, as well as the factors listed in R.C. 2929.12. Moreover, it properly applied post release control, and the sentence was within the permissible range. Accordingly, the sentence is not clearly and convincingly contrary to law." *Kalish* at ¶ 18. The Court further held that the trial court "gave careful and

substantial deliberation to the relevant statutory considerations" and that there was "nothing in the record to suggest that the court's decision was unreasonable, arbitrary, or unconscionable." *Kalish* at ¶ 20.

{15} In the case at bar, appellant was convicted of a felony of the fifth degree. For a violation of a felony of the fifth degree, the potential sentence that a court can impose is six, seven, eight, nine, ten, eleven, or twelve months. Appellant was sentenced to a sentence of ten months.

{16} Upon review, we find that the trial court's sentencing on the charge complies with applicable rules and sentencing statutes. The sentence was within the statutory sentencing range. Furthermore, the record reflects and appellant agrees that the trial court considered the purposes and principles of sentencing and the seriousness and recidivism factors as required in Sections 2929.11 and 2929.12 of the Ohio Revised Code and advised appellant regarding post release control. Therefore, the sentence is not clearly and convincingly contrary to law.

{17} Having determined that the sentence is not contrary to law we must now review the sentence pursuant to an abuse of discretion standard. *Kalish* at ¶ 4; *State v. Firouzmandi,* supra at ¶ 40. In reviewing the record, we find that the trial court gave careful and substantial deliberation to the relevant statutory considerations.

{18} Under Ohio law, judicial fact-finding is no longer required before a court imposes consecutive or maximum prison terms. See *State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470; *State v. Mathis,* 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1. Instead, the trial court is vested with discretion to impose a prison term within the statutory range. See *Mathis,* at ¶ 36. In exercising its discretion, the trial court

must "carefully consider the statutes that apply to every felony case [including] R.C. 2929.11, which specifies the purposes of sentencing, and R.C. 2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender [and] statutes that are specific to the case itself." Id. at ¶ 37, 846 N.E.2d 1. Thus, post-*Foster,* "there is no mandate for judicial fact-finding in the general guidance statutes. The court is merely to 'consider' the statutory factors." *Foster* at ¶ 42. *State v. Rutter,* 5th Dist. No. 2006-CA-0025, 2006-Ohio-4061, 2006 WL 2257068; *State v. Delong,* 4th Dist. No. 05CA815, 2006-Ohio-2753, 2006 WL 2257068, ¶ 7-8. Therefore, post-*Foster,* trial courts are still required to consider the general guidance factors in their sentencing decisions.

{19}   There is no requirement in R.C. 2929.12 that the trial court states on the record that it has considered the statutory criteria concerning seriousness and recidivism or even discussed them. *State v. Polick* (1995), 101 Ohio App.3d 428, 431, 655 N.E.2d 820, (4th Dist.); *State v. Gant,* Mahoning App. No. 04 MA 252, 2006-Ohio-1469, 2006 WL 771790, ¶ 60 (nothing in R.C. 2929.12 or the decisions of the Ohio Supreme Court imposes any duty on the trial court to set forth its findings), citing *State v. Cyrus* (1992), 63 Ohio St.3d 164, 166, 586 N.E.2d 94; *State v. Hughes,* Wood App. No. WD-05-024, 2005-Ohio-6405, 2005 WL 3254527, ¶ 10 (trial court was not required to address each R.C. 2929.12 factor individually and make a finding as to whether it was applicable in this case).

{20}   Where the record lacks sufficient data to justify the sentence, the court may well abuse its discretion by imposing that sentence without a suitable explanation. Where the record adequately justifies the sentence imposed, the court need not recite

its reasons. *State v. Middleton*, 8th Dist. No. 51545, 1987 WL 5476 (Jan. 15, 1987). In other words, an appellate court may review the record to determine whether the trial court failed to consider the appropriate sentencing factors. *State v. Firouzmandi,* supra at ¶ 52.

{21} Accordingly, appellate courts can find an "abuse of discretion" where the record establishes that a trial judge refused or failed to consider statutory sentencing factors. *Cincinnati v. Clardy*, 57 Ohio App.2d 153, 385 N.E.2d 1342 (1st Dist. 1978). An "abuse of discretion" has also been found where a sentence is greatly excessive under traditional concepts of justice or is manifestly disproportionate to the crime or the defendant. *Woosley v. United States*, 478 F.2d 139, 147 (8th Cir. 1973). The imposition by a trial judge of a sentence on a mechanical, predetermined or policy basis is subject to review. *Woosley,* supra at 143-145. Where the severity of the sentence shocks the judicial conscience or greatly exceeds penalties usually exacted for similar offenses or defendants, and the record fails to justify and the trial court fails to explain the imposition of the sentence, the appellate courts can reverse the sentence. *Woosley,* supra at 147. This by no means is an exhaustive or exclusive list of the circumstances under which an appellate court may find that the trial court abused its discretion in the imposition of sentence in a particular case. *State v. Firouzmandi,* supra.

{22} In the case at bar, there is no evidence in the record that the judge acted unreasonably by, for example, selecting the sentence arbitrarily, basing the sentence on impermissible factors, failing to consider pertinent factors, or giving an unreasonable amount of weight to any pertinent factor. We find nothing in the record of appellant's

case to suggest that his sentence was based on an arbitrary distinction that would violate the Due Process Clause of the Fifth Amendment.

{23} In the case at bar, the trial court conducted a sentencing hearing in open court. Appellant concedes that the trial court considered statements from appellant and his legal counsel; the overriding purposes of felony sentencing; the statutory factors set forth in R.C. 2929.12 and 2929.13; the Pre-Sentence Investigation report, which indicated that appellant had a prior criminal history, was given a Community Control Sentence that was terminated unsuccessfully, and had a history of substance abuse; and the seriousness and recidivism factors, before deciding on a prison term of ten months.

{24} It appears to this Court that the trial court's statements at the sentencing hearing were guided by the overriding purposes of felony sentencing to protect the public from future crime by the offender and others and to punish the offender. R.C. 2929.11.

{25} Based on the record, the transcript of the sentencing hearing and the subsequent judgment entry, this Court cannot find that the trial court acted unreasonably, arbitrarily, or unconscionably, or that the trial court violated appellant's rights to due process under the Ohio and United States Constitutions in its sentencing appellant. Further, the sentence in this case is not so grossly disproportionate to the offense as to shock the sense of justice in the community.

{26} In his Second Assignment of Error, appellant contends that his sentence violates the general assembly's intent to minimize the unnecessary burden on state and local government resources. Specifically, appellant argues that essentially the trial court

erred by not complying with the new sentencing law, House Bill 86, which did not come into effect until September 30, 2011 months after the appellant was sentenced. Appellant urges this court to consider the purposes of the new sentencing reforms in determining whether his sentence is an unnecessary burden on state and local government resources. Appellant submits that under the new mandate a Court must use the minimum sanctions to accomplish the purposes and principles of sentencing without imposing an unnecessary burden on state or local government resources, as set forth in R.C. 2929.11, as amended by 2011 Am.Sub.H.B. No. 86.

{27} In *State v. Ober*, Second Dist No. 97CA0019, 1997 WL 624811(Oct. 10, 1997), the Second District considered this same issue. In rejecting the argument, the court stated "Ober is correct that the 'sentence shall not impose an unnecessary burden on state or local government resources.' R.C. 2929.19(A). According to criminal law experts, this resource principle 'impacts on the application of the presumptions also contained in this section and upon the exercise of discretion.' Griffin & Katz, Ohio Felony Sentencing Law (1996-97), 62. Courts may consider whether a criminal sanction would unduly burden resources when deciding whether a second-degree felony offender has overcome the presumption in favor of imprisonment because the resource principle is consistent with the overriding purposes and principles of felony sentencing set forth in R.C.2929.11. Id."

{28} The *Ober* court concluded, "[a]lthough resource burdens may be a relevant sentencing criterion, R.C. 2929.13(D) does not require trial courts to elevate resource conservation above the seriousness and recidivism factors. Imposing a community control sanction on *Ober* may have saved state and local government funds;

however, this factor alone would not usually overcome the presumption in favor of imprisonment." Id.

**{29}** Several other appellate courts, including our own, considering these issues have reached the same conclusion. See, e.g., *State v. Hyland,* Butler App. No. CA2005-05-103, 2006-Ohio-339, 2006 WL 215052, ¶ 32; *State v. Brooks*, 10th Dist. No. 97APA-11-1543, 1998 WL 514111(Aug. 18, 1998); *State v. Stewart*, 8th Dist. No. 74691, 1999 WL 126940 (Mar. 4, 1999); *State v. Fox*, 3rd Dist. No. 16-2000-17, 2001 WL 218433( Mar. 6, 2001); *State v. Miller,* 5th Dist. No. 04-COA-003, 2004-Ohio-4636, 2004 WL 1945548. We agree with the reasoning of the *Ober* court and other courts considering this issue and find no merit to appellant's argument.

**{30}** Further, R.C. 2929.13(A), in effect at the time of appellant's sentencing provided, "[t]he sentence shall not impose an unnecessary burden on state or local government resources." However, "[t]he 2011 amendments to the sentencing statutes, which became effective September 30, 2011, have deleted this sentence." *State v. Saur*, 10th Dist. No. 10AP-1195, 2011-Ohio-6662, 2011 WL 6826861, fn. 1. Thus, the amended version of the sentencing statute does not require the sentencing court to consider the conservation principle set forth in former R.C. 2929.13(A). Id.

**{31}** Accordingly, for all of the reasons cited above, we overrule appellant's First and Second Assignments of Error in their entirety.

**{32}**   The judgment of the Ashland County Court of Common Pleas is affirmed.


By Gwin, J.,

Delaney, P.J., and

Hoffman, J., concur

_____

HON. W. SCOTT GWIN

_____

HON. PATRICIA A. DELANEY

_____

HON. WILLIAM B. HOFFMAN

IN THE COURT OF APPEALS FOR ASHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT


STATE OF OHIO                                    :
                                                 :
                  Plaintiff-Appellee             :
                                                 :
                                                 :
-vs-                                             :        JUDGMENT ENTRY
                                                 :
ADRIAN M. LEASURE                                :
                                                 :
                                                 :
                  Defendant-Appellant            :        CASE NO. 2011-COA-031

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Ashland County Court of Common Pleas is affirmed.  Costs to appellant.


_____
HON. W. SCOTT GWIN

_____
HON. PATRICIA A. DELANEY

_____
HON. WILLIAM B. HOFFMAN