[Cite as *State v. Rogers*, 2013-Ohio-2057.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | |
| KENNETH G. ROGERS | : | Case No. CT2012-0053 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:           Appeal from the Court of Common
                                   Pleas, Case No. CR2012-0178


JUDGMENT:                          Affirmed


DATE OF JUDGMENT:                  May 16, 2013


APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellee

RON WELCH                             VALERIE K. WIGGINS
27 North Fifth Street                 P.O. Box 116
Zanesville, OH  43701                 Roseville, OH  43777-0116

*Farmer, J.*

{¶1}   On August 22, 2012, appellant, Kenneth Rogers, pled guilty to a bill of information charging him with three counts of breaking and entering in violation of R.C. 2911.13 and three counts of theft in violation of R.C. 2913.02.  The trial court merged the theft counts with the breaking and entering counts and the state elected to have appellant sentenced on the latter three counts.  By sentencing entry filed October 9, 2012, the trial court sentenced appellant to an aggregate term of one year in prison.

{¶2}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶3}   "THE TRIAL COURT COMMITTED PLAIN ERROR WHEN IT SENTENCED THE DEFENDANT-APPELLANT TO A ONE-YEAR PRISON TERM INSTEAD OF IMPOSING COMMUNITY CONTROL SANCTIONS AS REQUIRED BY R.C. §2929.13(B)(1)(a)."

I

{¶4}   Appellant claims the trial court erred in sentencing him to one year in prison for three counts of breaking and entering in the fifth degree as R.C.2929.13(B)(1)(a) mandates that he receive community control sanctions.  We disagree.

{¶5}   R.C. 2929.13(B)(1)(a) states the following:

(B)(1)(a) Except as provided in division (B)(1)(b) of this section, if an offender is convicted of or pleads guilty to a felony of the fourth or fifth

degree that is not an offense of violence or that is a qualifying assault offense, the court shall sentence the offender to a community control sanction of at least one year's duration if all of the following apply:

(i) The offender previously has not been convicted of or pleaded guilty to a felony offense.

(ii) The most serious charge against the offender at the time of sentencing is a felony of the fourth or fifth degree.

(iii) If the court made a request of the department of rehabilitation and correction pursuant to division (B)(1)(c) of this section, the department, within the forty-five-day period specified in that division, provided the court with the names of, contact information for, and program details of one or more community control sanctions of at least one year's duration that are available for persons sentenced by the court.

(iv) The offender previously has not been convicted of or pleaded guilty to a misdemeanor offense of violence that the offender committed within two years prior to the offense for which sentence is being imposed.

{¶6} Appellant pled to a bill of information of three counts of breaking and entering and three counts of theft. The trial court merged the theft counts with the breaking and entering counts and the state elected to have appellant sentenced on the breaking and entering counts, felonies in the fifth degree. The sentencing entry filed October 9, 2012 reflects the fact that appellant's plea was made pursuant to a negotiated plea.

{¶7} During the plea hearing held on August 22, 2012, the prosecutor explained the negotiated plea and stated, "[i]n exchange for the defendant's plea, the State of Ohio is recommending that the defendant be sentenced to one year in prison, and I believe the Court has already been provided with a waiver and plea of guilty to the bill of information." August 22, 2012 T. at 3. Following this recommendation of one year in prison and the trial court's explanation of all the possible penalties, appellant entered his guilty pleas. *Id.* at 5-8, 11-12.

{¶8} Despite this plea agreement, defense counsel during the sentencing hearing objected to the one year prison term, arguing R.C. 2929.13 and the fact that "my client has not been convicted or plead guilty to a felony offense or to an offense of violence that is a misdemeanor that was committed within two years prior to the offense for which the sentence is now being imposed." October 1, 2012 T. at 5. Thereafter, the trial court specifically found, and appellant agreed, that appellant had a prior felony of burglary and theft in 2009, a prior breaking and entering, theft, and criminal damaging in 2005, a prior domestic violence in 2004, and various misdemeanor offenses involving theft, passing bad checks, domestic violence, and a "sundry of driving offenses." *Id.* at 6-7.

{¶9} Pursuant to R.C. 2929.13(B)(1)(a)(i), the trial court was not mandated to sentence appellant to community control sanctions.

{¶10} Upon review, we find the trial court did not err in sentencing appellant to one year in prison pursuant to the negotiated plea. *See State v. Leasure,* 5th Dist. No. 2011-COA-031, 2012-Ohio-318.

{¶11} The sole assignment of error is denied.

{¶12}  The judgment of the Court of Common Pleas of Muskingum County, Ohio is hereby affirmed.

By Farmer, J.

Gwin, P.J. and

Wise, J. concur.


s/ Sheila G. Farmer_____


s/ W. Scott Gwin_____


s/ John W. Wise_____

JUDGES


SGF/sg 509

[Cite as *State v. Rogers*, 2013-Ohio-2057.]

IN THE COURT OF APPEALS FOR MUSKINGUM COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff -Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| KENNETH G. ROGERS | : | |
| | : | |
| Defendant - Appellant | : | CASE NO. CT2012-0053 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Muskingum County, Ohio is affirmed. Costs to appellant.

s/ Sheila G. Farmer_____

_s/ W. Scott Gwin_____

_s/ John W. Wise_____

JUDGES