OPINION
{¶ 1} Appellant Michael Beverly, Sr. appeals from his multiple count conviction and sentence in the Court of Common Pleas, Delaware County. The Appellee is the State of Ohio, which has not filed an appellate brief in this matter. The relevant facts leading to this appeal are as follows.
 {¶ 2} On November 19, 2002, appellant pled guilty to three counts of safecracking, two counts of theft, three counts of breaking and entering, one count of possession of criminal tools, and one count of engaging in a pattern of corrupt activity. Following a sentencing hearing on January 8, 2003, appellant was sentenced to a total of ten years and nine months in prison, as further detailed infra.
 {¶ 3} On March 25, 2003, appellant obtained leave to file a delayed appeal. He herein raises the following two Assignments of Error:
 {¶ 4} "I. The trial court erred by imposing consecutive sentences, said sentences being contrary to law.
 {¶ 5} "II. Appellant was improperly sentenced to consecutive sentences that exceed the maximum prison term allowed for the most serious offense of which the appellant was convicted."
 I. {¶ 6} In his First Assignment of Error, appellant argues the trial court erred in imposing consecutive sentences without sufficient findings under R.C. 2929.14(E)(4). We agree.
 {¶ 7} R.C. 2929.14(E)(4) provides: "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 8} "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 9} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 10} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 11} R.C. 2929.19(B)(2)(c) requires that a trial court state its reasons for imposing consecutive sentences. In the recent decision ofState v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, the Ohio Supreme Court held that a trial court is required to make its statutorily enumerated findings under R.C. 2929.14(E)(4) and give reasons supporting those findings at the sentencing hearing.
 {¶ 12} The transcript of the sentencing hearing reveals the trial court made the following statements on the record regarding consecutive sentences:
 {¶ 13} "Count I, I'm going to sentence you to 12 months in prison, to be served concurrently to count 7; consecutively to all other counts. Count 2, 12 months in prison, to be served concurrently to count eight, consecutive to all other counts. Count seven, I'll impose eleven months in prison to be served concurrently to one; count 8, 11 months in prison to be served concurrently to count 2. On count 9, 11 months in prison, to be served concurrently to counts 15 and 16, and consecutive to all other counts; count 10, 10 months in prison to be served consecutively to all other counts; count 11, 11 months to be served consecutively to all other counts, and 15, 12 months to be served concurrently to count 9 and count 16 and consecutively to all other counts; counts 16, 11 months to be served concurrent to counts 9 and 15 and consecutively to all other counts; count 19, six years in prison to be served consecutively to all other counts. That should amount to about 10 years and four months — nine months rather, ten years and nine months in prison. And the consecutive sentences are necessary because of your criminal history." Tr. at 11-12.
 {¶ 14} We find the trial court failed to state on the record at the sentencing hearing the findings required by R.C. 2929.14(E)(4) andComer, supra. We therefore hold that a remand for resentencing is warranted.
 {¶ 15} Appellant's First Assignment of Error is sustained.
 II. {¶ 16} In his Second Assignment of Error, appellant contends he was improperly sentenced to consecutive sentences which exceed the maximum term allowed for the most serious offense of which he was convicted. We disagree.
 {¶ 17} A defendant may additionally seek leave to appeal when consecutive sentences imposed exceed the maximum sentence for the most serious offense of which the defendant was convicted. See R.C. 2953.08(C); App.R. 5(D)(2). In the case sub judice, the most serious charge of which appellant was convicted is engaging in a pattern of corrupt activity, a second-degree felony with a maximum sentence of eight years. This we contrast with the total sentence of ten years and nine months imposed against appellant on all counts. Nonetheless, "* * * the right to appeal a sentence under R.C. 2953.08(C) does not mean that consecutive sentences for multiple convictions may not exceed the maximum sentence allowed for the most serious conviction." State v. Haines (Oct. 29, 1998), Franklin App. No. 98AP-195. See, also, State v. Hacker (Aug. 24, 2001), Clark App. No. 2001-CA-12. The Court in Haines further opined:
 {¶ 18} "To so construe the statute would demean the sentencing process to the point that it would permit one person to receive a maximum sentence for committing one felony while allowing another person to receive only the same maximum sentence for committing one hundred similar felonies. While the right to appeal may be granted if the conditions of R.C. 2953.08(C) are met, such right to appeal does not limit the court's ability to impose consecutive sentences." Id.
 {¶ 19} Upon review, we are unpersuaded the trial court erred in sentencing appellant to consecutive sentences approximately two and one-half years in excess of the maximum term allowed for his conviction for engaging in a pattern of corrupt activity.
 {¶ 20} Appellant's Second Assignment of Error is overruled.
 {¶ 21} For the reasons stated in the foregoing opinion, the judgment of the Delaware County Court of Common Pleas, is hereby affirmed in part, reversed in part, and remanded to the trial court for further proceedings consistent with this opinion.
Wise, J. Gwin, P.J., and Edwards, J., concur.