OPINION
{¶ 1} David Christopher Layne pled guilty in the Champaign County Court of Common Pleas to assault on a local corrections officer, in violation of R.C. 2903.13(A)(C)(2)(b), and obstructing official business, in violation of R.C. 2321.31(A)(B), both fifth degree felonies. Three additional counts — obstructing official business, resisting arrest, and assault on a peace officer — were dismissed as part of the plea agreement. Layne was sentenced to eleven months of imprisonment on the assault charge and to six months for obstructing official business, to be served consecutively. The court imposed a "concurrent" fine of $150 on each count, for a total of $150.
 {¶ 1} Layne appeals from his sentence, raising one assignment of error.
 {¶ 2} "THE TRIAL COURT ERRED IN IMPOSING CONSECUTIVE TERMS OF IMPRISONMENT CONTRARY TO LAW AND EXCEEDING THE MAXIMUM TERM FOR THE MOST SERIOUS OFFENSE."
 {¶ 3} Layne claims that the trial court failed to make adequate findings to support the imposition of consecutive sentences.
 {¶ 4} As an initial matter, the state asserts that Layne has waived all but plain error regarding the imposition of consecutive sentences because he failed to object to the consecutive sentences in the trial court. It is true that we have on occasion found that a defendant has waived an error in the sentencing procedure — e.g., a claim that the trial court erred by failing to align its reasons for imposing consecutive sentences with the required findings for consecutive sentences — when the defendant fails to object, especially where, as in this case, the trial court has asked defense counsel whether there is anything else required at the sentencing hearing and has received a negative response. See State v. Friend (Dec. 30, 2005), Champaign App. No. 05-CA-9. But we have never required a defendant to interpose an objection to consecutive sentences to preserve a claim that the facts in the record do not support the findings required for consecutive sentences, or, for that matter, that the findings made do not support the imposition of consecutive sentences.
 {¶ 5} In order for the trial court to impose consecutive sentences, the court must comply with R.C. 2929.14(E)(4). That statute provides:
 {¶ 6} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 7} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16 [residential sanctions], 2929.17 [non-residential sanctions], or 2929.18 [financial sanctions; restitution] of the Revised Code, or was under post-release control for a prior offense.
 {¶ 8} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 9} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 10} "The court is permitted by R.C. 2929.14(E)(4) to order consecutive sentences only after certain findings are made. By requiring the court to then state the reasons for those findings, R.C. 2929.19(B)(2)(c) obliges the court to not only have reasons but also to state what those reasons are. Further, in stating its reasons the court must connect those reasons to the finding which the reason supports. The court cannot merely pronounce causes that objectively may be its reasons. The court must also identify which of those causes are the particular reasons for each of the statutory findings the court made." State v. Rothgeb, Champaign App. No. 02CA7, 2003-Ohio-465, ¶ 25; State v. Howard,
Montgomery App. No. 20575, 2005-Ohio-3702, ¶ 20.
 {¶ 11} At the sentencing hearing, the trial court made the required statutory findings, stating that consecutive sentences were necessary to protect the public and punish the offender. The court found that the sentences were not disproportionate to the seriousness of Layne's conduct and to the danger he posed to the public. The court further found that the obstructing official business offense was committed while under sanction, that the harm was so great or unusual that a single term would not adequately reflect the seriousness of the conduct, and that Layne's criminal history showed that consecutive terms were needed to protect the public. The court found that the sentences "were commensurate with and not demeaning to the seriousness of the Defendant's conduct and the impact on the victims. That is plural. And consistent with sentences for similar crimes by similar defendants."
 {¶ 12} The court then made the following specific findings:
 {¶ 13} "Defendant's behavior in Count Three [directing a racial remark to an officer] certainly raises the suggestion that the Defendant was motivated by prejudice based on race at the time of the arrest.
 {¶ 14} "The offense in Count Three was committed while the Defendant was on bail.
 {¶ 15} "The Defendant has a history of criminal convictions.
 {¶ 16} "The Defendant has not responded favorably to sanctions previously imposed in adult court.
 {¶ 17} "Reasons for imposing prison and consecutive sentence were because the sentence does not impose an unnecessary burden on state or local resources.
 {¶ 18} "The factors establishing that Defendant's conduct is more serious outweigh the factors establishing that Defendant's conduct is less serious.
 {¶ 19} "Factors establishing recidivism is more likely outweigh less likely recidivism factors.
 {¶ 20} "The Defendant has at least seventeen previous adult charges in disposition which include assault, driving under suspension twice, fleeing and eluding twice, reckless operation. The circumstances of fleeing and eluding were particularly dangerous. Possession of marijuana; criminal trespassing; two cases of telephone harassment; theft and forgery; passing bad checks; disorderly conduct; unauthorized use of a motor vehicle; domestic violence; resisting arrest; criminal damaging.
 {¶ 21} "Defendant's had at least two supervision violations.
 {¶ 22} "Defendant refuses to follow court and probation officer orders.
 {¶ 23} "Defendant failed to complete the residential alternative to prison program.
 {¶ 24} "Defendant has served two prison terms.
 {¶ 25} "Defendant's pattern of conduct has become progressively more serious.
 {¶ 26} "The types of crimes indicate a lack of respect for the administration of justice.
 {¶ 27} "The Court adopts the prosecutor's remarks in sentencing as findings by the Court."
 {¶ 28} At sentencing, the prosecutor had stated, in part, that the presentence report indicated twenty incidents "where [Layne] has acted out of obnoxiousness, difficulty. He's been argumentative, uncooperative, disrespectful. And these two offenses are extensions of that attitude. * * * And the State does not accept the Defendant's statement that the coffee incident [the basis for the assault charge] was an accident and * * * notes that it's his continued minimization of his conduct which gets him into trouble." The prosecutor noted that Layne had had a number of violations while in custody at the Tri-County Jail between 2001 and 2004, that Layne has a history of substance abuse and violence, and that his offenses in this and other cases have been against the administration of justice, particularly law enforcement.
 {¶ 29} Upon review of the record, the trial court made all of the necessary findings for the imposition of consecutive sentences as required by R.C. 2929.14(E)(4). The court also set forth its reasons for the consecutive sentences, in accordance with R.C. 2929.19(B)(2)(c). Although the court could have more closely aligned its reasons for imposing consecutive sentences with the statutory findings, we cannot agree with Layne that the court's reasons for imposing consecutive sentences were inadequate. The fact that Layne did not cause any apparent physical harm to the victims of his offenses does not negate the reasonableness of the court's findings.
 {¶ 30} Layne argues that the trial court's sentence was undermined because the court had originally indicated that it wished to sentence Layne to a total of 14 months of incarceration, with a sentence of three months on the obstructing official business offense. After this pronouncement, the prosecutor informed the court (and defense counsel agreed) that, by statute, the minimum sentence on that offense was six months. The court then changed its sentence to the minimum allowable sentence of six months. Layne's counsel requested that the court reduce its sentence on the assault charge to eight months so that the total sentence would remain fourteen months. The court overruled the request, reasoning:
 {¶ 31} "* * * The Court believed that the assault on the corrections officer sentence was a proper sentence in the opinion of the Court after evaluating all the circumstances in this case. And even though it was the desire of the Court to limit the total sentence, the Court does not wish to do so at the expense of the penalty in Count One [assault on local corrections officer]. The result of that is that the Court is a voice * * * in the wilderness on its three-month desire for Count Three [obstructing official business]. But the correct sentence is six months which is the minimum sentence for Count Three."
 {¶ 32} We find no fault with the trial court's ruling. The increase in the total sentence from fourteen to seventeen months under these circumstances in no way "undermined" the sentence.
 {¶ 33} Layne also claims that the consecutive sentences were unlawful, because the combined sentence of seventeen months exceeds the maximum of twelve months for a fifth degree felony, the most serious offense. We have previously rejected "any suggestion that consecutive sentences may not exceed the maximum sentence allowable for the most serious offense of which a defendant is convicted." State v. Hacker, Clark App. No. 2001-CA-12, 2001-Ohio-1481; see also State v. Beverly, Delaware App. No. 03-CAA-2011, 2003-Ohio-6777, ¶ 17-18.
 {¶ 34} The assignment of error is overruled.
 {¶ 35} The judgment of the trial court will be affirmed.
Fain, J. and Donovan, J., concur.