OPINION
{¶ 1} Appellant Kenneth J. Massie appeals from his felony sentences in the Ashland County Court of Common Pleas. The appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.
 {¶ 2} On June 14, 2005, appellant pled guilty to: (1) aggravated robbery, a felony of the first degree, with a firearm specification; and (2) having weapons while under disability, a felony of the third degree. On June 27, 2005, the trial court held a sentencing hearing. At that time, defense counsel discussed appellant's drug abuse problem, family situation, and rehabilitation efforts. See Tr. at 2-3. At the conclusion of the hearing, the trial court sentenced appellant to nine years for aggravated robbery, three years for the firearm specification, three years for having weapons while under disability, and 468 days (one year and 103 days) for time remaining on post-release control from a case in Morrow County. All time was to be served consecutively, for a total of sixteen years and one-hundred three days. Tr. at 9-13.
 {¶ 3} Appellant filed a notice of appeal on July 27, 2005. He herein raises the following sole Assignment of Error:
 {¶ 4} "I. THE IMPOSITION OF A PRISON SENTENCE LONGER THAN THE STATUTORY MAXIMUM SENTENCE IS UNCONSTITUTIONAL IN THIS CASE.
 {¶ 5} In his sole Assignment of Error, appellant, citingBlakely v. Washington (2004), 542 U.S. 296, challenges the imposition of an aggregate sentence greater than the maximum sentence on his most serious felony.
 {¶ 6} R.C. 2953.08(C) states as follows: "In addition to the right to appeal a sentence granted under division (A) or (B) of this section, a defendant who is convicted of or pleads guilty to a felony may seek leave to appeal a sentence imposed upon the defendant on the basis that the sentencing judge has imposed consecutive sentences under division (E)(3) or (4) of section2929.14 of the Revised Code and that the consecutive sentences exceed the maximum prison term allowed by division (A) of that section for the most serious offense of which the defendant was convicted. * * *."
 {¶ 7} We first note that in the era following the enactment of S.B. 2, but prior to State v. Foster, ___ Ohio St.3d ___,2006-Ohio-856, we rejected attempts by felony defendants, using the same "aggregate exceeds the maximum" theory herein proposed by appellant, to invoke a requirement for maximum sentenceComer findings by the trial court. See State v. Alexander
(June 14, 2000), Fairfield App. No. 00CA66; State v. Andrukat,
Stark App. No. 2002CA00352, 2003-Ohio-2643. We similarly recognized that "* * * the right to appeal a sentence under R.C.2953.08(C) does not mean that consecutive sentences for multiple convictions may not exceed the maximum sentence allowed for the most serious conviction." See State v. Beverly, Delaware App. No. 03 CAA 02011, 2003-Ohio-6777, ¶ 17, quoting State v. Haines
(Oct. 29, 1998), Franklin App. No. 98AP-195.
 {¶ 8} Nonetheless, in Foster, the Ohio Supreme Court found certain provisions of Ohio's sentencing statute unconstitutional because they required judicial factfinding to exceed the sentence allowed simply as a result of a conviction or plea. These included more than the minimum prison term [R.C. 2929.14(B)]; the maximum prison term [R.C. 2929.14(C)]; consecutive prison terms [R.C. 2929.14(E)(4)]; repeat violent offender [R.C.2929.14(D)(2)(b)]; and major drug offender [2929.14(D)(3)(b)]. However, under a Blakely analysis, the provisions of the sentencing statute addressing prison rather than community control for lower level felonies [R.C. 2929.13(B)(2)(a) and R.C.2929.13(B)(2)(b)] and repeat violent offender [R.C.2929.14(D)(2)(a)] are constitutional. Id.
 {¶ 9} To remedy Ohio's felony sentencing statutes, the Court severed the Blakely-offending portions that either create presumptive minimum or concurrent terms or require judicial factfinding to overcome the presumption. Foster at ¶ 97. The Court concluded "* * * that trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at ¶ 100.
 {¶ 10} Accordingly, because appellant's sentencing is based upon various unconstitutional statutory provisions now deemed void, this matter is remanded to the trial court for a new sentencing hearing.
 {¶ 11} Appellant's sole Assignment of Error is sustained in part.
 {¶ 12} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Ashland County, Ohio, is hereby reversed in part and remanded for further proceedings consistent with this opinion.
By: Wise, P.J. Edwards, J., and Boggins, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Ashland County, Ohio, is reversed in part and remanded for further proceedings consistent with this opinion.
Costs to be split evenly between appellant and the State of Ohio.