OPINION *Page 2 
{¶ 1} On June 14, 2005, appellant, Kenneth Massie, pled guilty to one count of aggravated robbery with a firearm specification in violation of R.C. 2911.01 and 2941.145, and one count of having weapons while under disability in violation of R.C. 2923.13. A sentencing hearing was held on June 27, 2005. By judgment entry filed same date, the trial court sentenced appellant to nine years on the aggravated robbery count, three years on the firearm specification, and three years on the weapons count. The trial court also terminated appellant's post-release control in a Morrow County case, and ordered appellant to serve the remaining 468 days in prison. All the sentences were ordered to be served consecutively.
 {¶ 2} Appellant appealed his sentence. This court remanded the matter to the trial court in light of the Supreme Court of Ohio's decision inState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. See, State v.Massie, Ashland App. No. 05 COA 033, 2006-Ohio-1914.
 {¶ 3} Upon remand, the trial court sentenced appellant to the same sentences, except the trial court did not re-impose the 468 days regarding the Morrow County case. Again, the sentences were ordered to be served consecutively.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 5} "THE TRIAL COURT ERRED BY IMPOSING AN ILLEGAL SENTENCE. OCTOBER 6, 2006 JUDGMENT ENTRY — RE-SENTENCING ON REMAND, OCTOBER 3, 2006 SENT. HRG. TR. 27." *Page 3 
 I {¶ 6} Appellant claims the trial court's sentence issued on October 6, 2006 was an illegal sentence. Specifically, appellant claims Ohio's sentencing scheme remains unconstitutional despite the holding inState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, as the application ofFoster violates appellant's rights under the due process and ex post facto clauses of the United States and Ohio Constitutions. We disagree.
 {¶ 7} In State v. Paynter, Muskingum App. No. CT2006-0034,2006-Ohio-5542, Assignment of Error II, this court reviewed the same issues herein and found they lacked merit. We concur with the comprehensive analysis of this well written opinion and deny this assignment of error.
 {¶ 8} The sole assignment of error is denied.
 {¶ 9} The judgment of the Court of Common Pleas of Ashland County, Ohio is hereby affirmed.
 Farmer P.J., Wise, J., and Delaney, J., concur. *Page 4 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Ashland County, Ohio is affirmed. *Page 1