[Cite as *State v. Owens*, 2012-Ohio-2951.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
|  | : | JUDGES: |
| STATE OF OHIO | : | W. Scott Gwin, P.J. |
|  | : | John W. Wise, J. |
| Plaintiff-Appellee | : | Julie A. Edwards, J. |
|  | : |  |
| -vs- | : | Case No. 11-COA-037 |
|  | : |  |
|  | : |  |
| MARK W. OWENS, JR. | : | O P I N I O N |
|  |  |  |
| Defendant-Appellant |  |  |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Criminal Appeal from Ashland County Court of Common Pleas Case No. 08-CRI-004 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | June 27, 2012 |
| APPEARANCES: | |

For Plaintiff-Appellee                           For Defendant-Appellant

RAMONA FRANCESCONI ROGERS          DAVID R. STIMPERT
Ashland County Prosecutor                  10 East Main Street
Ashland, Ohio                                      Ashland, Ohio  44805

BY: PAUL T. LANGE
Assistant Prosecuting Attorney
110 Cottage Street, Third Floor
Ashland, Ohio  44805

*Edwards, J.*

{¶1} Defendant-appellant, Mark Owens, Jr., appeals his sentence from the Ashland County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND CASE

{¶2} On January 11, 2008, the Ashland County Grand Jury indicted appellant on three counts of theft in violation of R.C. 2913.02(A)(1), felonies of the fifth degree, one count of forgery in violation of R.C. 2913.31(A)(1), a felony of the fifth degree, and one count of petty theft in violation of R.C. 2913.02(A)(3), a misdemeanor of the first degree. At his arraignment on January 17, 2008, appellant entered a plea of not guilty to the charges.

{¶3} Thereafter, on March 31, 2008, appellant withdrew his former not guilty plea and pleaded guilty to one count of theft and to forgery. The remaining counts were dismissed. Pursuant to a Judgment Entry filed on May 30, 2008, appellant was ordered to serve 180 days in jail with all but 30 days suspended. Appellant also was placed on community control for a period of two years under specified terms and conditions.

{¶4} On January 4, 2010, community control violations were filed against appellant. On February 1, 2010, appellant entered a plea of admission to one of the violations and the trial court found that appellant was in violation of his community control orders. Appellant was then continued on community control.

{¶5} Subsequently, on July 29, 2011, community control violations were again filed against appellant. On August 11, 2011, appellant entered pleas of admission and the trial court found that appellant was in violation of his community control. Pursuant to a Judgment Entry filed on September 14, 2011, the trial court sentenced appellant to

ten (10) months in prison for theft and to ten (10) months in prison for forgery. The trial court ordered that the two sentences were to be served consecutively, for an aggregate sentence of twenty (20) months in prison.

{¶6} Appellant now raises the following assignments of error on appeal:

{¶7} "I. THE COURT OF COMMON PLEAS OF ASHLAND COUNTY, OHIO, IMPOSED CONSECUTIVE SENTENCES UPON DEFENDANT/APPELLANT PURSUANT TO THE OHIO REVISED CODE SECTION 2929.14(E)(4); SAID CONSECUTIVE SENTENCES EXCEEDED THE MAXIMUM PRISON TERM ALLOWED BY OHIO REVISED CODE SECTION 2929.14(A)(4), AND WERE CLEARLY AND CONVINCINGLY CONTRARY TO LAW AND/OR AN ABUSE OF SAID COURT'S DISCRETION.

{¶8} "II. THE SENTENCE IMPOSED BY THE COURT OF COMMON PLEAS OF ASHLAND COUNTY, OHIO, CREATED AN UNNECESSARY BURDEN ON STATE AND/OR LOCAL GOVERNMENT RESOURCES IN VIOLATION OF OHIO REVISED CODE SECTION. 2929.13(A)."

I

{¶9} Appellant, in his first assignment of error, argues that the trial court erred in imposing consecutive sentences. Appellant specifically alleges that the consecutive sentences exceeded the maximum prison term permitted by R.C. 2929.14(A)(4) and were contrary to law and/or an abuse of discretion.

{¶10} R.C. 2953.08(C) states as follows: "In addition to the right to appeal a sentence granted under division (A) or (B) of this section, a defendant who is convicted of or pleads guilty to a felony may seek leave to appeal a sentence imposed upon the

defendant on the basis that the sentencing judge has imposed consecutive sentences under division (E)(3) or (4) of section 2929.14 of the Revised Code and that the consecutive sentences exceed the maximum prison term allowed by division (A) of that section for the most serious offense of which the defendant was convicted. * * *."

{¶11} Rule 5 of the Ohio Rules of Appellate Procedure states in part:

{¶12} "(D)(2) Leave to appeal consecutive sentences incorporated into appeal as of right.

{¶13} "When a criminal defendant has filed a notice of appeal pursuant to App. R. 4, the defendant may elect to incorporate in defendant's initial appellate brief an assignment of error pursuant to R.C. 2953.08(C), and this assignment of error shall be deemed to constitute a timely motion for leave to appeal pursuant to R.C. 2953.08(C)."

{¶14} In the case sub judice, appellant not only appealed pursuant to R.C. 2953.08(C), but also appealed as of right under App.R. 4, arguing, in his second assignment of error, that his sentence imposed an unnecessary burden on State or local resources. Thus, his first assignment of error is deemed a timely motion for leave to appeal under R.C 2953.08(C) and is granted.

{¶15} As is stated above, appellant maintains that the trial court erred in imposing consecutive sentences because the consecutive sentence exceeded the maximum prison term allowed by R.C. 2929.14.(A)(4). However, this Court has recognized that " * * * the right to appeal a sentence under R.C. 2953.08(C) does not mean that consecutive sentences for multiple convictions may not exceed the maximum sentence allowed for the most serious conviction." See *State v. Beverly,* 5th Dist. No. 03 CAA 02011, 2003-Ohio-6777, ¶17, quoting *State v. Haines*, 10th Dist. No. 98AP-195,

1998 WL 767438 (Oct. 29, 1998). "To so construe the statute would demean the sentencing process to the point that it would permit one person to receive a maximum sentence for committing one felony while allowing another person to receive only the same maximum sentence for committing one hundred similar felonies. While the right to appeal may be granted if the conditions of R.C. 2953.08(C) are met, such right to appeal does not limit the court's ability to impose consecutive sentences." *Haines,* supra at 6.

**{¶16}** Appellant also argues that his sentence is contrary to law and not supported by the record. The Supreme Court of Ohio in *State v. Kalish,* 120 Ohio St.3d 23, 2008–Ohio–4912, 896 N.E.2d 124 set forth a two step process for examining felony sentences. The first step is to "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." *Kalish* at ¶ 4. If this first step "is satisfied," the second step requires the trial court's decision be "reviewed under an abuse-of-discretion standard." *Id.*

**{¶17}** The relevant sentencing law is now controlled by the Ohio Supreme Court's decision in *State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, i.e. " * * * trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at ¶ 100.

**{¶18}** The record herein reflects that appellant was sentenced to a prison term of ten months for a charge of theft, a felony of the fifth degree felony, and also to ten months in prison on the charge of forgery, also a felony of fifth degree. The sentences

were within the statutory guidelines and parameters. The record further reflects the trial court considered the purposes and principles of sentencing and the seriousness and recidivism factors as required in Sections 2929.11 and 2929.12 of the Ohio Revised Code, and advised appellant regarding post release control. While appellant contends that the trial court did not "make a rote recitation that it considered the statutory sentencing factors" in R.C. 2929.12, we note that the failure to indicate at the sentencing hearing the court has considered the factors in R.C. 2929.11 and 2929.12 does not automatically require reversal. *State v. Reed,* 10th Dist. No. 09AP–1163, 2010–Ohio–5819, ¶ 8. "When the trial court does not put on the record its consideration of R.C. 2929.11 and 2929.12, it is presumed that the trial court gave proper consideration to those statutes." *Id.,* citing *Kalish* at ¶ 18, fn. 4. "The Code does not specify that the sentencing judge must use specific language or make specific findings on the record in order to evince the requisite consideration of the applicable seriousness and recidivism factors." *State v. Arnett,* 88 Ohio St.3d 208, 215, 2000–Ohio–302, 724 N.E.2d 793.

{¶19} "Where the record adequately justifies the sentence imposed, the court need not recite its reasons. *State v. Middleton*, 8th Dist. No. 51545, 1987 WL 5476 (Jan. 15, 1987). In other words, an appellate court may review the record to determine whether the trial court failed to consider the appropriate sentencing factors." *State v. Firouzmandi,* 5th Dist. No. 2006-CA-41, 2006-Ohio-5823, ¶ 52

{¶20} In the case at bar, the trial court considered the Pre-Sentence Investigation. Based on the transcript of the sentencing hearing and the subsequent judgment entry, this Court cannot find that the trial court acted unreasonably, arbitrarily,

or unconscionably, or that the trial court violated appellant's rights to due process under the Ohio and United States Constitutions in sentencing appellant to consecutive sentences of incarceration that exceed the maximum term allowed for the most serious offense of which he was convicted. There is no evidence in the record that the judge acted unreasonably by, for example, selecting the sentence arbitrarily, basing the sentence on impermissible factors, failing to consider pertinent factors, or giving an unreasonable amount of weight to any pertinent factor. We find nothing in the record of appellant's case to suggest that his sentence was based on an arbitrary distinction that would violate the Due Process Clause of the Fifth Amendment. The sentences were supported by clear and convincing evidence and were not contrary to law.

{¶21} Having found that appellant's sentence was not contrary to law, we must next determine whether or not the trial court abused its discretion in sentencing appellant to consecutive sentences. An abuse of discretion means more than an error of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *State v. Adams,* 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

{¶22} In the case sub judice, appellant was initially placed on community control. On or about February 5, 2010, appellant admitted to having violated the terms and conditions of his community control by using Vicodin that had not been prescribed for him and was subsequently continued on community control. Additional community control violations were filed against appellant on July 29, 2011 alleging that appellant had violated the terms and conditions of his community control by violating his curfew, failing to comply with a verbal order of his probation officer not to use bath salts, using Vicodin that was not lawfully prescribed for him, and associating with a person with a

criminal background. Appellant admitted to such violations and was found to have violated the terms and conditions of his community control. The trial court, in sentencing appellant, stated, in relevant part, on the record:

{¶23} "From the Court's viewpoint, however, I find that the Court has exhausted the Community Control Sanctions. There is so many times that you are only going to get so many chances and then the Court is coming to the conclusion that you are not amenable to Community Control, that despite the efforts that the Court has made, given you the opportunity for rehabilitation that you have failed to exercise on those opportunities and remain a law-abiding citizen.

{¶24} "I am, therefore, finding that you are not amenable to Community Control, and further based on your criminal history and the extensive violations in the past, I am finding that it's necessary as well to protect the public, that consecutive sentences be imposed in this matter." Transcript of September 14, 2011 hearing at 6.

{¶25} Based on the foregoing, we find that the trial court did not abuse its discretion in sentencing appellant to consecutive sentences. The trial court's decision was not arbitrary, unconscionable or unreasonable.

{¶26} Appellant's first assignment of error is, therefore, overruled.

II

{¶27} Appellant, in his second assignment of error, argues that his sentence created an unnecessary burden on state and/or local resources in violation of R.C. 2929.13(A).

{¶28} Appellant specifically argues that the trial court erred by not complying with the new sentencing law, House Bill 86, which did not come into effect until

September 30, 2011, shortly after the appellant was sentenced on September 14, 2011. Appellant urges this Court to consider the purposes of the new sentencing reforms in determining whether his sentence is an unnecessary burden on state and local government resources. Appellant submits that under the new mandate, a Court must use the minimum sanctions to accomplish the purposes and principles of sentencing without imposing an unnecessary burden on state or local government resources, as set forth in R.C. 2929.11, as amended by 2011 Am.Sub.H.B. No. 86.

{¶29} We note that H.B. 86 is not retroactive.  See *State v. Fields*, 5th Dist. No. CT11-0037, 2011-Ohio-6044, ¶10.

{¶30} In *State v. Ober,* 2nd Dist. No. 97CA0019, 1997 WL 624811 (Oct. 10, 1997), the Second District considered this same issue. In rejecting the argument, the court stated as follows: "Ober is correct that the 'sentence shall not impose an unnecessary burden on state or local government resources.' R.C. 2929.19(A). According to criminal law experts, this resource principle 'impacts on the application of the presumptions also contained in this section and upon the exercise of discretion.' Griffin & Katz, Ohio Felony Sentencing Law (1996–97), 62. Courts may consider whether a criminal sanction would unduly burden resources when deciding whether a second-degree felony offender has overcome the presumption in favor of imprisonment because the resource principle is consistent with the overriding purposes and principles of felony sentencing set forth in R.C.2929.11. *Id.*"

{¶31} The *Ober* court concluded, "[a]lthough resource burdens may be a relevant sentencing criterion, R.C. 2929.13(D) does not require trial courts to elevate resource conservation above the seriousness and recidivism factors. Imposing a

community control sanction on *Ober* may have saved state and local government funds; however, this factor alone would not usually overcome the presumption in favor of imprisonment." *Id.*

{¶32} Several other appellate courts, including our own, considering these issues have reached the same conclusion. See, e.g., *State v. Hyland,* 12th Dist. No. CA2005–05–103, 2006–Ohio–339, ¶ 32; *State v. Brooks,* 10th Dist. No. 97APA–11–1543, 1998 WL 514111 (Aug. 18, 1998); *State v. Stewart,* 8th Dist. No. 74691, 1999 WL 126940 (Mar. 4, 1999); *State v. Fox,* 3rd Dist. No. 16–2000–17, 2001 WL 218433 (Mar. 6, 2001); *State v. Miller,* 5th Dist. No. 04–COA–003, 2004–Ohio–4636, and *State v. Leasure*, 5th Dist. No. 2011–COA–031, 2012-Ohio-318.[1]  We agree with the reasoning of the *Ober* court and other courts considering this issue.  We find that appellant's sentence does not impose an unnecessary burden on State resources based on appellant's criminal history and his previous community control violations.

---

[1] The appellant in *Leasure* pleaded guilty to a felony of the fifth degree.

**{¶33}** Appellant's second assignment of error is, therefore, overruled.

**{¶34}** Accordingly, the judgment of the Ashland County Court of Common Pleas is affirmed.

By: Edwards, J.

Gwin, P.J. and

Wise, J. concur

_____

_____

_____

JUDGES

JAE/d0326

[Cite as *State v. Owens*, 2012-Ohio-2951.]

IN THE COURT OF APPEALS FOR ASHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                          :
                                       :
            Plaintiff-Appellee     :
                                       :
                                       :
-vs-                                   :          JUDGMENT ENTRY
                                       :
MARK W. OWENS, JR.                     :
                                       :
            Defendant-Appellant    :          CASE NO. 11-COA-037


    For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Ashland County Court of Common Pleas is affirmed. Costs assessed to appellant.


                             _____

                             _____

                             _____

                                     JUDGES