[Cite as *State v. Wardlow*, 2014-Ohio-5740.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO.   CA2014-01-011 |
| | : | O P I N I O N |
| - vs - | | 12/30/2014 |
| | : | |
| TERRY P. WARDLOW, JR., | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2013-07-1124


Michael T. Gmoser, Butler County Prosecuting Attorney, Michael A. Oster, Jr., Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

John T. Willard, Hamilton, P.O. Box 35, Ohio 45012, for defendant-appellant


**RINGLAND, P.J.**

{¶ 1}   Defendant-appellant, Terry P. Wardlow, Jr., appeals his sentence by the Butler County Court of Common Pleas following his guilty plea to one count of involuntary manslaughter with a firearm specification.  For the reasons set forth below, we affirm appellant's sentence.

{¶ 2}   On November 12, 2013, in a superceding indictment, appellant was indicted by the Butler County Grand Jury on one count of murder, in violation of R.C. 2903.02(B), with a

firearm specification and a repeat violent offender specification; one count of aggravated robbery in violation of R.C. 2911.01(A)(1), also with firearm and repeat violent offender specifications; one count of aggravated burglary, in violation of R.C. 2911.11(A)(2), with firearm and repeat violent offender specifications; and one count of having weapons while under disability, in violation of R.C. 2923.13(A)(2). Appellant initially pled not guilty to all four counts.

{¶ 3} However, on November 22, 2013, pursuant to a negotiated plea agreement, appellant pled guilty to an amended offense under count one, for involuntary manslaughter, in violation of R.C. 2903.04(A) with a firearm specification, in violation of R.C. 2941.145. Counts two, three, and four and the accompanying firearm specifications were dismissed. All of the repeat violent offender specifications were also dismissed. In addition, as part of the negotiated plea agreement, appellant agreed the "sentence imposed by Judge Sage in this matter would be served consecutively to the sentence which is currently being served by the [appellant] in Hamilton County Common Pleas Court, Case Number B1005408-B."[1] At the plea hearing, the trial court explained that the maximum prison term for involuntary manslaughter is ten years and that the firearm specification carried three additional years in prison. Appellant thereafter acknowledged that the agreed sentence was 13 years and that any prison sentence imposed would be served consecutively to his sentence from Hamilton County.

{¶ 4} A sentencing hearing was held on December 18, 2013, and the trial court sentenced appellant as agreed by appellant and the state. Specifically, the trial court imposed a total sentence of 13 years, with ten years being imposed on the involuntary manslaughter conviction and three years on the firearms specification. The trial court also

---

1. The written plea agreement similarly states that the sentence imposed on Count One "shall be served consecutively to the sentence imposed in Hamilton Count[y] Common Pleas Court Case [No.] B1005408-B."

ordered that "[t]his sentence * * * be served consecutively to the sentence imposed in Hamilton County Court of Common Pleas Case No. B1005408-B."

{¶ 5} Appellant timely appealed his sentence raising two assignments of error for our review.[2]

{¶ 6} Assignment of Error No. 1:

{¶ 7} THE SENTENCING COURT IN THE INSTANT CASE FAILED TO FULLY AND PROPERLY SET OUT THE FINDINGS REQUIRED BY R.C. 2929.14(C)(4) PRIOR TO IMPOSING CONSECUTIVE SENTENCE[S] IN THE INSTANT CASE.

{¶ 8} Appellant argues in his first assignment that the trial court did not make all of the required findings under R.C. 2929.14(C)(4) when sentencing him to consecutive sentences. Accordingly, appellant maintains that his sentence must be reversed and remanded. The state, however, asserts that R.C. 2953.08(D)(1) bars appellate review of appellant's sentence as the sentence was jointly recommended by the state and appellant.

{¶ 9} In challenging his sentence, appellant has failed to recognize that he was sentenced pursuant to an agreed sentence. During appellant's plea hearing, the following exchange took place:

> THE COURT: * * * [I]n real terms, you're going to be sentenced to 13 years in prison given what the – the statement of the prosecutor that that is the – agreement of Counsel. Do you understand that?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And also that – any prison sentence you get in this matter will be run consecutive to whatever time you're doing out of Hamilton County Common Pleas Court, you're aware of that."
>
> THE DEFENDANT: I'm aware.

---

2. Appellant initially set forth only one assignment of error. However, after filing his merit brief, appellant requested leave to file an amended brief in order to raise an additional assignment of error. On July 11, 2014, this court granted appellant's motion permitting him to raise a second assignment of error. *State v. Wardlow*, 12th Dist. No. CA2014-01-011 (July 11, 2014) (Entry Denying Motion to Strike Amended Brief of Appellant, Granting Motion to File Amended Brief and Granting Appellee Time to Respond).

{¶ 10} R.C. 2953.08(D)(1) provides that "[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." In other words, a sentence that is "contrary to law" is generally appealable as provided in R.C. 2953.08(A); however, an agreed-upon sentence may not be appealable pursuant to R.C. 2053.08(D) if "(1) both, the defendant and the state agree to the sentence, (2) the trial court imposes the agreed sentence, and (3) the sentence is authorized by law." *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, ¶ 16. If all three conditions are satisfied, the defendant's sentence is not reviewable. *Id*.; *State v. Miniard*, 12th Dist. Butler No. CA2006-03-074, 2007-Ohio-458, ¶ 9.

{¶ 11} In the present case, the record demonstrates that the first two conditions have been met as both appellant and the state agreed to appellant's 13-year sentence and that this sentence would be served consecutively to appellant's sentence in the Hamilton County case, and the trial court did in fact impose this agreed-upon sentence. Accordingly, the question before us is whether appellant's sentence is authorized by law.

{¶ 12} The Ohio Supreme Court has recently held that "[a] sentence is 'authorized by law' and is not appealable within the meaning of R.C. 2953.08(D)(1) only if it comports with all mandatory sentencing provisions." *Underwood* at paragraph two of the syllabus. In reaching this conclusion, the Supreme Court rejected this court and several other courts of appeals' interpretation that "a sentence is authorized by law within the meaning of the statute simply if the sentence falls within the statutory range for the offense." *Id*. at ¶ 19; *see also State v. Henderson*, 12th Dist. Warren No. CA99-01-002, 1999 WL 761002 (Sept. 27, 1999). The Supreme Court found that this interpretation of "authorized by law" was too narrow and "would mean that jointly recommended sentences imposed within the statutory range but missing mandatory provisions, such as postrelease control (R.C. 2929.19(B)(3)(c)) or

consecutive sentences (R.C. 2929.14(D) and (E)), would be unreviewable." *Underwood* at ¶ 20.[3]  Consequently, the Supreme Court concluded that "when a sentence fails to include a mandatory provision, it may be appealed because such a sentence is 'contrary to law' and is also not 'authorized by law.'" *Id.* at ¶ 21.

{¶ 13} The only mandatory sentencing provision that is challenged in the instant case is R.C. 2929.14(C).  Pursuant to R.C. 2929.14(C)(4), a trial court must engage in a three-step analysis and make certain findings before imposing consecutive sentences.  *State v. Dillon*, 12th Dist. Madison No. CA2012-06-012, 2013-Ohio-335, ¶ 8-9; *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, syllabus.  To that end, the trial court must find that the consecutive sentence is necessary to protect the public from future crime or to punish the offender. R.C. 2929.14(C)(4); *State v. Rich*, 12th Dist. Butler No. CA2014-01-002, 2014-Ohio-4623, ¶ 9.  The trial court must also find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public.  *Id.*  Finally, the trial court must find that one of the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

---

3. The prior version of R.C. 2929.14 cited by the *Underwood* court required the trial court to make statutorily enumerated findings as set forth in Subsection (E)(4).  R.C. 2929.14(E)(4) has since been renumbered and is currently found in R.C. 2929.14(C)(4).  *See State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 16-22.

R.C. 2929.14(C)(4)(a)-(c); *Rich* at ¶ 9.

**{¶ 14}** When imposing consecutive sentences, a trial court is not required to articulate reasons to support its findings, or "to give a talismanic incantation of the words of the statute." *Bonnell* at ¶ 29, 37. However, the record must be sufficient for a reviewing court to determine that the court has engaged in the required sentencing analysis and that the record contains evidence to support the findings. *Id.* at ¶ 29. In *Bonnell*, the Ohio Supreme Court clarified that a trial court must announce the requisite consecutive findings at the sentencing hearing, and the court must incorporate those findings into the sentencing entry. *Id.* at syllabus; *Rich* at ¶ 10.

**{¶ 15}** Here, the record reflects that the trial court made the findings required by R.C. 2929.14(C)(4) before imposing consecutive sentences. The trial court's judgment entry in this case states:

> This Court finds that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. The court also finds that:
>
> - Consecutive sentences are necessary to protect the public from future crime
> - Consecutive sentences are necessary to punish the defendant
> - The defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the defendant.

**{¶ 16}** In addition, a review of the transcript from the sentencing hearing indicates that the trial court made the same findings at the sentencing hearing that were incorporated into the judgment entry. Specifically, the trial court stated:

> So the Court will make a finding, for the record, that the harm involved here was so great or unusual, because it is imposing a consecutive sentence to the sentence of another court, that it would not adequately reflect the seriousness of the conduct. And that the Court – the Defendant's criminal record shows that consecutive sentences are needed – are needed to protect the

public.

Accordingly, from the trial court's statements at the sentencing hearing and the language utilized in the sentencing hearing, it is clear that the trial court complied with the dictates of R.C. 2929.14(C)(4).

{¶ 17} Based on the foregoing, appellant's sentence fully comported with all mandatory sentencing provisions and was therefore authorized by law. Because appellant's sentence was authorized by law and was jointly recommended by appellant and the state, we find his sentence is not subject to review pursuant to R.C. 2953.08(D). "The General Assembly intended a jointly agreed-upon sentence to be protected from review precisely because the parties agreed that the sentence is appropriate." *State v. Porterfield*, 106 Ohio St.3d 5, 2005-Ohio-3095, ¶ 25. Appellant's first assignment of error is therefore overruled.

{¶ 18} Assignment of Error No. 2:

{¶ 19} IT APPEARS FROM THE RECORD THAT THE COURT IN SENTENCING APPELLANT TO CONSECUTIVE SENTENCES, SENTENCED HIM TO A TERM IN EXCESS OF THAT ALLOWED UNDER R.C. 2953.08(C).

{¶ 20} In his second assignment of error, appellant contends the trial court erred in imposing a sentence in violation of R.C. 2953.08(C)(1). R.C. 2953.08(C)(1) provides, in part:

> In addition to the right to appeal a sentence granted under division (A) or (B) of this section, a defendant who is convicted of or pleads guilty to a felony may seek leave to appeal a sentence imposed upon the defendant on the basis that the sentencing judge has imposed consecutive sentences under division (C)(3) of section 2929.14 of the Revised Code and that consecutive sentences exceed the maximum prison term allowed by division (A) of that section for the most serious offense of which the defendant was convicted.

Appellant essentially argues that because his "most serious offense" was involuntary manslaughter, a first-degree felony under R.C. 2903.04(C), the trial court erred in imposing

- 7 -

more than the 11-year prison term allowed by R.C. 2929.14(A)(1) for a first-degree felony.[4]

**{¶ 21}** As an initial matter, we note that R.C. 2953.08(C)(1) merely provides a defendant with an additional basis to appeal his sentence beyond the right to appeal granted in R.C. 2953.08(A) and (B). Accordingly, as R.C. 2953.08(D)(1) bars appellate review of jointly recommended sentences where the sentence is authorized by law and the recommended sentence is imposed, any right to appeal pursuant to section (C)(1) would also be barred by R.C. 2953.08(D)(1). For the reasons stated in our resolution of appellant's first assignment of error, appellant's sentence is not subject to review.

**{¶ 22}** However, even if appellant's sentence was reviewable, the trial court did not err in sentencing appellant. We join with our sister districts and find that R.C. 2953.08(C)(1) does not limit a sentencing court's discretion to impose consecutive sentences. *State v. Davis*, 1st Dist. Hamilton No. C-120076, 2012-Ohio-5756, ¶ 13; *State v. Owens*, 5th Dist. Ashland No. 11-COA-037, 2012-Ohio-2951, ¶ 15; *State v. Haines*, 10th Dist. Franklin No. 98AP-195, 1998 WL 767438 (Oct. 29, 1998). R.C. 2953.08(C)(1) merely allows a defendant to seek leave to appeal; the statute in no way prohibits consecutive sentences for multiple offenses from exceeding the maximum sentence allowed for the most serious conviction. *See Owens* at ¶ 15; *Haines* at *6. To construe the statute to mean that consecutive sentences may not exceed the maximum sentence allowed for the most serious conviction would "demean the sentencing process to the point that it would permit one person to receive a maximum sentence for committing one felony while allowing another person to receive only the same maximum sentence for committing one hundred similar felonies." *Owens* at ¶ 5.

---

4. In his reply brief, appellant seems to also argue that his sentence in the Hamilton County case is excessive and therefore his total sentence as a result of both cases is excessive. This court is without jurisdiction to review a sentence imposed by the Hamilton County Court of Common Pleas. Moreover, this argument was not raised in appellant's amended brief. An appellant may not use a reply brief to raise new issues or assignments of error. *State v. Blake*, 12th Dist. Butler No. CA2011-07-130, 2012-Ohio-3124, ¶ 13. Accordingly, this issue is not properly before this court, and we will not consider it.

{¶ 23} Moreover, in reaching this conclusion, we recognize that R.C. 2929.14(C)(4) governs the imposition of consecutive terms of imprisonment. R.C. 2929.14(C)(4) does not refer to R.C. 2953.08(C)(1) or explicitly bar the imposition of an aggregate prison term in excess of the most serious offense for which the defendant was convicted. *See Davis* at ¶ 14. Rather, pursuant to R.C. 2920.14(C)(4), in order for the trial court to impose consecutive terms of imprisonment, a trial court must make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry. *See Bonnell*, 2014-Ohio-3177 at paragraph one of the syllabus. As discussed above, the trial court complied with R.C. 2929.14(C)(4) when it imposed appellant's sentence.

{¶ 24} The second assignment of error is therefore overruled.

{¶ 25} Judgment affirmed.

S. POWELL and M. POWELL, JJ., concur.